IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01561-RM-NRN

ROSE ADANMA DURU,

Plaintiff,

v.

JANA S. BAKER et al.,

Defendants.

---

RECOMMENDATION OF DISMISSAL

---

Plaintiff Rose Adanma Duru, proceeding pro se, initiated this action by filing an 83-page complaint against almost 60 defendants on June 21, 2018 (Docket No. 1). On July 23, 2018, Ms. Duru filed an amended complaint (Docket No. 5), apparently adding claims against staff of the Clerk of the Court.

The Court reviewed the amended complaint on August 15, 2018, and determined that it was deficient because the pleading did not comply with Rule 8 of the Federal Rules of Civil Procedure, because it failed to set forth a short and plain statement of the grounds for the court's jurisdiction or Ms. Duru's claims, and because it did not clearly assert the relief she seeks in this action (Docket No. 9 at 2). The Court determined that Ms. Duru's amended complaint, as filed, was incomprehensible. Accordingly, the Court ordered Ms. Duru to "file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order." (*Id.* at 3) (emphasis in original). Ms. Duru was explicitly warned that if she failed to file a second amended complaint that complies

with the court's order within the time allowed, "the action will be dismissed without further notice." (*Id.*)

On August 15, 2018, the Court also set a deadline of September 13, 2018 for the parties to complete and file the Consent/Non-Consent Form, indicating either unanimous consent of the parties or that consent has been declined. When this deadline passed, the case was reassigned to Judge Raymond P. Moore (Docket No. 11), who then entered an order (Docket No. 12) referring the case to the undersigned magistrate judge.

The Court is mindful of Ms. Duru's pro se status and, accordingly, reads her pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. The Court cannot "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

As of the date of this order, Ms. Duru has not filed a second amended complaint, as was required by court order. The deadline for her to do so has now passed. Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule

37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based on Plaintiff's failure to prosecute and failure to comply with court orders.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated: October 3, 2018  
Denver, Colorado

*/s/ N. Reid Neureiter*  
N. Reid Neureiter  
United States Magistrate Judge